THE W. T. RAWLEIGH COMPANY *v.* CASTLEBERRY.

4-6207 147 S. W. 2d 734

Opinion delivered February 17, 1941.

 ██ 

*A. R. Cooper,* for appellant.

*Sam M. Levine,* for appellee.

HUMPHREYS, J. Appellant brought suit in the Jefferson circuit court against appellees and others to recover $157.99 on account and on May 11, 1937, a judgment was rendered against them for said amount with interest at 6· per cent. per annum from November 14, 1932, until paid, in favor of appellant.

Subsequently separate garnishments were issued on the judgment against the Simmons National Bank requiring it to answer what goods, chattels, moneys, credits and effects it might have in its hands or possession belonging to appellees in order to subject same to the payment of appellant's judgment.

The Simmons National Bank answered that it had the sum of $58.04 on deposit belonging to appellee, Preston Castleberry, and that it had on deposit $79.35 belonging to appellee, J. E. Smulian.

Thereafter on June 20, 1940, appellee, Preston Castleberry, filed an amended affidavit and claim for exemptions, in which said deposit in the bank and certain other property valued at $340 were claimed as exempt to him under the provisions of art. IX of the Constitution of the State of Arkansas in which claim he alleged that he was a resident of Arkansas and a married man and that said property, specifically itemizing same, constituted all of the property owned by him of any nature whatsoever.

On the same date, June 20, 1940, appellee, J. E. Smulian, filed an affidavit and claim for exemptions in the sum of $79.35 on deposit in the Simmons National Bank under the provisions of art. IX of the Constitution of the State of Arkansas alleging that he was a resident of the State of Arkansas and a married man and that said deposit constituted all of the property owned by him of any nature whatever.

Appellant filed exceptions to both claims for exemptions, and upon a hearing before the circuit clerk where the claims for exemptions were filed the circuit clerk allowed the claims and issued a *supersedeas*.

From the allowance of the claims by the circuit clerk, appellant appealed to the circuit court.

The circuit court, sitting as a jury, tried the issues arising upon the claims filed, the exceptions thereto and oral evidence introduced from which the court found, ordered and adjudged that the deposit of $58.04 belonging to Preston Castleberry, and the deposit of $79.35 belonging to J. E. Smulian in the Simmons National Bank of Pine Bluff were exempt from garnishment or execution and that the writs of garnishment issued against the Simmons National Bank of Pine Bluff, Arkansas, are hereby superseded and all proceedings thereunder stayed, and that said bank be and is relieved and released from any further liability or responsibility under said writs of garnishment, from which an appeal has been duly prosecuted to this court.

Preston Castleberry testified positively that he owned no other personal property, except the wearing apparel of himself and family, than that included and itemized in his verified claim for exemptions under the constitution of the state, and J. E. Smulian testified that he owned no other property of any kind in the state except the deposit of $79.35, except the wearing apparel of himself and family.

The record reflects that prior to the hearing in June, to-wit, in March and April, each of the claimants assessed other property, under oath, as belonging to each. For example, the assessment list signed by J. E. Smulian on March 21, 1940, is as follows:

"One Oldsmobile sedan, 1935 model, six
cylinder ............................................................$ 70.00
One Chevrolet coach, 1937 model................... 100.00
Diamonds and other precious stones, watches
and jewelry of all kinds............................... 150.00

Household and kitchen furniture, electric re-
frigerators, pianos, radios, Victrolas, equip-
ment and wearing apparel........................................ 300.00

Total assessment .......................................................$620.00''

and also reflects that the assessment list signed by Pres-
ton Castleberry in 1940 is as follows:

"No. 7. Automobiles and trucks:
Pont. sed., 1939 model, 6 cylinder, value............$250.00

No. 10. Household and kitchen furniture, elec-
tric refrigerators, pianos, radios, Victrolas,
equipment and wearing apparel........................... 150.00

No. 15a. Business and professional furniture,
fixtures and equipment........................................... 150.00''

Preston Castleberry swears positively that the as-
sessment he made in 1940 included an automobile and
household kitchen furniture that belonged to his wife
and the only thing included in the assessment was his
business and professional furniture, fixtures and equip-
ment, and J. E. Smulian testified that the automobiles
included in the assessment in his name in 1940 belonged to
the company for which he worked and the rest of the
property belonged to his wife.

Dan McDonald, who was the manager of the Froug
Stores Co., for which J. E. Smulian worked on a weekly
salary, testified that it was his custom to make the assess-
ments for the employees and that he made the assessment
for J. E. Smulian himself without consulting him; that
the Chevrolet sedan belonged to the Froug Stores Com-
pany; that the company paid for the automobile and that
J. E. Smulian used it and that that is the reason he
assessed it in J. E. Smulian's name. He also testified
that one share of stock which had been issued to Smulian
so that he could vote was never paid for by J. E. Smulian
and never delivered to him, and that the stock was abso-
lutely worth nothing.

The court who sat as a jury believed the testimony
of Preston Castleberry and J. E. Smulian and accepted

it as true, notwithstanding they had both actually assessed additional property for taxation in 1940. It is true that the assessment for other property for taxation in 1940 is a circumstance contradicting their testimony. This circumstance alone was some evidence tending to show that appellees owned other property than that included in their schedule for exemptions, but the court might have found it was not sufficient to overthrow the testimony of appellees. Their direct and positive testimony that they included all the personal property that they owned of any character in Arkansas at the time they filed their claim for exemptions was substantial evidence and when a verdict of a jury, or a court, sitting as a jury, is supported by substantial evidence, it and the judgment rendered thereon will not be reversed on appeal by this court.

The judgment is, therefore, affirmed.